ELLIS, Judge:
Plaintiff Patricia A. Dillon was divorced from defendant Hector Medellin in Harris County, Texas, by judgment dated May 26, 1977. In that judgment, plaintiff was granted custody of 'their minor child, Margarita Lourdes Medellin, with visitation rights to defendant.
According to the allegations of the petition, Margarita has resided in Louisiana for more than one year. On July 8,1980, while Margarita was visiting the defendant in Harris County, defendant obtained an ex parte emergency order, granting temporary custody to him. The petition further alleges the lack of jurisdiction of the Harris County Court, and prays that defendant be ordered to appear in court with the minor child, and to show cause why the minor child should not be returned to plaintiff, and why his visitation rights should not be terminated.
To the petition, defendant filed a declina-tory exception of lack of jurisdiction over the subject matter. It is alleged that, under the Uniform Child Custody Jurisdiction Law, R.S. 13:1700 et seq., the Harris County Court had both continuing and original jurisdiction over the status of the minor child; had acted to modify its own original decree; and that the Louisiana courts are without jurisdiction to enforce the original custody decree issued by the Harris County Court.
After a hearing on the exception, at which no evidence was offered, the exception was sustained, and judgment was signed dismissing the suit. Plaintiff has appealed.
La.R.S. 13:1702 A provides as follows:
“A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
“(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
“(4) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.”
La.R.S. 13:1705 A provides as follows:
“A court of this state shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.”
*151 Texas Family Code, Section 11.045 provides:
“(a) A court has original jurisdiction of a suit affecting the parent-child relationship, whether or not the child is physically present in the state, only if one of the following conditions is met:
“(1) this state:
“(A) is the principal residence of the child at the time the proceeding is commenced; or
“(B) was the principal residence of the child at any time during the six-month period before the proceeding was commenced, and a parent or person acting as a parent resides in this state at the time the proceeding is commenced; or
“(2) it is in the best interest of the child that a court of this state assume jurisdiction because:
“(A) the child and the child’s parents or the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
“(B) the child is physically present in this state and there is a serious immediate question concerning the welfare of the child; or
“(C) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with this section, or another state had declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine issues concerning the child.
“(b) The physical presence in this state of the child or of the child and one of the contestants is alone insufficient to confer jurisdiction to the court to make a determination under this subtitle.”
Texas Family Code, Section 11.052 provides:
“(a) Except on the written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify:
“(1) the appointment of a managing conservator if the managing conservator and the child have established and continued to maintain their principal residence in another state for more than six months unless the action was filed and pending before the six-month period; or
“(2) any part of a decree if all of the parties and the child have established and continue to maintain their principal residence outside this state.
“(b) This section does not affect the power of the court to enforce and enter a judgment on its decree.
From the foregoing, it can be seen that Louisiana would have jurisdiction over the status of the child, who has lived in the state for over a year, under R.S. 13:1702 A(l). It would further appear that Texas has lost its continuing jurisdiction to modify its original custody decree, under Section 11.052 of the Texas Family Code.
However, under Section 11.045 (a)(2)(B) Texas can exercise original jurisdiction if a child is “physically present in this state and there is a serious immediate question concerning the welfare of the child; . . . ”.
The allegations of the petition are as follows:
“4.
“On July 8, 1980, during visitation with the minor child, defendant filed a petition to modify petitioner’s custody in the matter captioned: “In the interest of MARGARITA LOURDES MEDELLIN” bearing No. 1,116,557-D on the docket of the 311th Judicial District Court, Harris County, State of Texas, alleging that the child’s environment in Lafourche Parish could “endanger her physical health or significantly impair her emotional development” and filed an affidavit containing gross defamations against the child’s stepfather.
“5.
“As a result of such petition and affidavit an emergency Order appointing HECTOR MEDELLIN as temporary *152 managing conservator of the minor child was signed on July 8, 1980. Such Order has been used by Defendant to prevent the return of the child to petitioner.”
The representations made to the Texas court by Dr. Medellin appear to satisfy the requirements of Section 11.045 (a)(2)(B), supra, and the Texas court could exercise original jurisdiction under the circumstances. We note that, although Texas is not a signatory state to the Uniform Child Custody Jurisdiction Law, R.S. 13:1700 et seq., the jurisdictional provisions of its Family Code, cited above, are substantially in accordance with those of the Uniform Law.
We therefore hold that, under the provisions of R.S. 13:1705, supra, the courts of this state are precluded from exercising the jurisdiction conferred by R.S. 13:1702, because there is presently pending in the Texas court, under its original jurisdiction, a proceeding concerning the custody of Margarita.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.